IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHIRLEY MACKIE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-737-XR |
| | § | |
| POST, BUCKLEY, SCHUH & JERNIGAN, INC., | § | |
| *Defendant*. | § | |

**ORDER ON MOTION TO DISMISS**

On this date, the Court considered Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Memorandum of Law in Support (Docket Entry No. 3). Having reviewed the motion and Plaintiff's response and considered the relevant authority, Defendant's motion is DENIED.

**Background**

Plaintiff Shirley Mackie ("Mackie") is a former employee of Defendant Post, Buckley, Schuh & Jernigan, Inc. ("PBS&J"). While employed at PBS&J, Mackie alleges that she was not provided with comparable pay in comparison to male employees, and she claims that the company failed to promote her on the basis of her sex. Mackie filed suit against PBS&J, asserting claims of discrimination pursuant to Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

**Procedural History**

Mackie filed suit in this Court on September 8, 2009. (Compl., Sept. 8, 2009 [Docket Entry No. 1].) PBS&J moved the Court to dismiss Plaintiff's Complaint, (Def.'s Mot. to Dismiss, Jan. 21, 2010 [Docket Entry No. 3]) to which Mackie has responded (Pl.'s Resp. to Def.'s Mot. to Dismiss, Feb. 2, 2010 [Docket Entry No. 4]).

**Legal Standard**

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

**Analysis**

PBS&J moves to dismiss Mackie's claim on the grounds that it was untimely filed in violation of the statute of limitations. Title VII claims are subject to a statute of limitations that requires a plaintiff to file suit within ninety days of receiving a notice of a right to sue from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). A court will dismiss a plaintiff's Title VII action as untimely if a plaintiff files suit after the ninety-day statute of limitations has expired. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Id.* (citing *Ringgold v. Nat'l Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)). However, the ninety-day limitation is not a jurisdictional prerequisite. *See Taylor*, 296 F.3d at 379.

The Fifth Circuit follows the "majority rule" to apply Rule 6 of the Federal Rules of Civil Procedure to compute the time periods contained in federal statutes of limitations. *In re Gotham*

*Provision Co., Inc.*, 669 F.2d 1000, 1014 (5th Cir. 1982); *Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc.*, 600 F.2d 465, 465–66 (5th Cir. 1979). Title VII is a remedial statute and "'Rule 6(a) is particularly appropriate in light of the remedial purposes of the Act.'" *See In re Gotham Provision Co.*, 669 F.2d at 1014 (quoting *Lawson*, 600 F.2d at 466). Courts have utilized Rule 6 in calculating deadlines in lawsuits brought pursuant to Title VII. *See Shabazz v. Commc'ns Workers of Am./Tex. State Employees*, No. 3:02-CV-2698-M, 2003 WL 22388570, at *5 (N.D. Tex. Sept. 30, 2003); *Keller v. State ex rel. Dept. of Transp. and Development*, No. Civ.A. 99-1882, 2000 WL 64311, at *3 (E.D. La. Jan. 26, 2000).

The relevant portion of the version of Rule 6 in effect at the time of the suit's initiation reads that to compute time "[i]nclude the last day of the period unless it is a Saturday, Sunday, [or] legal holiday . . . . When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible." FED. R. CIV. P. 6(a)(3). In Plaintiff's Complaint, she states that she received her notice of a right to file a lawsuit from the EEOC on June 9, 2009. Mackie was therefore required to file suit no later than September 7, 2009. September 7, 2009, however, was a legal federal holiday pursuant to 5 U.S.C. § 6103. 5 U.S.C. § 6103 (establishing Labor Day as a legal public holiday); *see also* FED. R. CIV. P. 6(a) (defining Labor Day as a "legal holiday" as used in the rules). As a result, the period ran until the end of the next day, which was Tuesday, September 8, 2009. Mackie commenced this lawsuit on Tuesday, September 8, 2009; therefore, her lawsuit was timely filed, and the statute of limitations does not preclude her from stating a claim for relief.

## Conclusion

Plaintiff has timely filed this lawsuit. Accordingly, the Court DENIES Defendant's motion to dismiss pursuant to Rule 12(b)(6).

It is so ORDERED.

SIGNED this 5th day of February, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE