# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| SHIRLEY MACKIE § | |
| § | |
| v. § | SA-09-CV-737-XR |
| § | |
| POST, BUCKLEY, SCHUH & § | |
| JERNIGAN, INC. | |

## ORDER

On this day came on to be considered Defendant's Motion for Summary Judgment (doc. no. 15).

## Background

Plaintiff began working for the Defendant in April 2004 as a Field Representative. In June 2005, she alleges that a male Senior Inspector resigned his employment and she was assigned his duties. She complains that despite being promised the promotion that accompanied the Senior Inspector position, she was not promoted, and a male was promoted to the position. She alleges that because of the denial of promotion, and failure to compensate her for the "work at the same pay as similarly situated male employees, [she] resigned on May 21, 2006...."

On November 9, 2006, Plaintiff filed a charge of discrimination with the EEOC alleging sex discrimination, retaliation and a violation of the Equal Pay Act. On April 5, 2007, the EEOC issued a Dismissal and Notice of Rights letter

to the Plaintiff.

Plaintiff apparently concedes (or at least does not dispute) that she received this Dismissal and Notice of Rights letter. It is uncontested that Plaintiff did not file her Title VII lawsuit within the requisite 90 days from receipt of this April 5, 2007 notice.

Title VII "requires a civil action be commenced within ninety days after the plaintiff has received a right-to-sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations. Thus, the ninety-day filing requirement is subject to equitable tolling." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010)(citations omitted). The Fifth Circuit has stated that "equitable tolling applies only in 'rare and exceptional circumstances.'" *Id*. Plaintiff does not argue that equitable tolling applies in this case.

On May 29, 2007, the United States Supreme Court decided *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618 (2007) and held that an employee wishing to bring a Title VII lawsuit must first file an EEOC charge within the relevant 180 or 300 days "after the alleged unlawful employment practice occurred." *Id*. The Court further held that Ms. Ledbetter "should have filed an EEOC charge within 180 days after each allegedly discriminatory employment decision was made and communicated to her", and that her attempts to resurrect a 1998 pay decision to support her equal pay claims was "unsound." *Id*. at 619.

The United States Congress abrogated the Supreme Court's decision in the Lily Ledbetter Fair Pay Act of 2009. The Act has a retroactive effective date of May 28, 2007, and applies to all claims of discriminatory compensation pending on or after that date.

Apparently in response to the Lily Ledbetter Fair Pay Act of 2009, the EEOC began reviewing its closed cases to determine whether a new notice of right to sue letter should be issued to certain individuals pursuant to 29 C.F.R. § 1601.28. On June 5, 2009, the EEOC issued Plaintiff Mackie a second Dismissal and Notice of Rights letter. Within the requisite 90 days of receiving this second notice, Plaintiff filed this lawsuit on September 8, 2009.

## Defendant's Motion and Analysis

Defendant argues that Plaintiff did not file her lawsuit within 90 days of the original April 2007 notice and accordingly her claims are barred by limitations. In addition, Defendant argues that the Lily Ledbetter Fair Pay Act of 2009 does not resurrect her claims because she had no "claims of discriminatory compensation pending" as of May 28, 2007 (Plaintiff resigned her employment on May 21, 2006).[1]

Plaintiff opposes Defendant's motion, arguing that her claim was pending as of May 29, 2007.

The Court agrees with Defendant that Plaintiff had no claim pending as

---

[1] Defendant also argues that the EEOC may only issue a new notice of right to sue in instances where it has issued a notice of reconsideration pursuant to 29 C.F.R. § 1601.19. Because the Court has disposed of this case on other grounds, the Court makes no ruling on the propriety of the EEOC's sua sponte practice of issuing new notices.

of May 29, 2007. She had resigned from her employment well before that date. Her charge of discrimination had been disposed of by the EEOC as of April 5, 2007. Plaintiff had no Title VII lawsuit filed and pending on May 29, 2007. *See N'Jai v. Floyd*, 2009 WL 1531594 (W.D. Pa. 2009)("Plaintiff does not benefit from the Act as Wilkinsburg allegedly stopped paying her in 2005.").

This Court also rejects Plaintiff's argument that the text of the Act extends the 90 day filing period. The Act states:

> For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation ..., when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A).

This Court agrees with the reasoning set forth in *Carl v. Western-Southern Life Ins. Co.*, 2010 WL 3860432 (E.D. Pa. 2010)("By specifying the time when an unlawful employment practice with respect to compensation discrimination occurs, the Ledbetter Act affects the time for filing a charge of discrimination with the EEOC. *See id.* § 2000e-5(e) (1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ...."). It does not purport to expand the 90-day period in which to file a complaint after the EEOC has addressed such a charge."); *see also Simmons v. Texas Water Dev. Bd.*, 2010 WL 4595804 (W.D. Tex. 2010)(the Act

"did nothing to expand the ninety-day period in which a charging party must file suit after the EEOC has addressed such a charge."); *Glover v. Sitel Corp.*, 2010 WL 1292146, at *1 (W.D. Wis. Mar.29, 2010)("The first question is whether the Commission's second right-to-sue letter 'restarted' the clock for filing plaintiff's claims. There is no statutory support for such a notion. Although the letters are sent out purportedly 'pursuant to the Lilly Ledbetter Act,' that Act did not expand any of the 90-day limits on filing discrimination complaints; instead, what it expanded was only when 'an unlawful employment practice occurs' under Title VII, 42 U.S.C. § 2000e-5 (e)(3)(A), which relates to the time for filing charges with the Commission, not the time for filing a complaint after the commission has addressed the charges.").

## Conclusion

For the reasons stated above, Plaintiff's claims are barred by the 90 day limitations period and summary judgment is granted in favor of the Defendant. The Clerk is directed to issue a Judgment in favor of the Defendant, and that Plaintiff take nothing on her claims. Defendant shall submit its Bill of Costs within 14 days in the form directed by the Clerk should it desire to pursue these costs.

It is so ORDERED.

SIGNED this 9th day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE